IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor, | : : : |
| Plaintiff, | : Civil Case No. 1:13-cv-903 |
| v. | : : |
| DANCING WASABI HYDE PARK, INC., a Corporation and CHANG HEE CHOI, | : : : |
| Defendants. | : |

### JUDGMENT BY DEFAULT OF DEFENDANT CHANG HEE CHOI

This cause came on for hearing on the motion of Thomas E. Perez, Secretary of Labor, Plaintiff in this action, and on the affidavit of Nikolai Bogomolov in support of said motion pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. It appearing to the Court that the Complaint in this case was filed on December 12, 2013, that the Complaint was duly served on Defendant Chang Hee Choi, that no Answer or other defense has been filed by the Defendant Chang Hee Choi and that default was entered in the Office of the Clerk of Court, it is therefore, upon motion of the attorneys for Plaintiff, and for cause herein shown:

**ORDERED, ADJUDGED AND DECREED** that Defendant, Chang Hee Choi, his agents, servants, employees and those in active concert with him, are permanently enjoined and restrained from violating the provisions of §15(a)(2), 15(a)(3) and 15(a)(5) of the Fair Labor Standards Act of 1938, hereinafter referred to as the Act, in any of the following manners:

(1) Defendant Chang Hee Choi shall not, contrary to Section 6 of the Act, pay any of his

employees employed in an enterprise in commerce or in the production of goods for commerce, within the meaning of the Act, wages at a rate less than seven dollars and twenty-five cents ($7.25) per hour or any such other minimum hourly rate as may be hereinafter be made applicable by amendment to the Act.

(2) Defendant Chang Hee Choi shall not, contrary to Section 7 of the Act, employ any of his employees engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, as defined by the Act, for workweeks longer than forty (40) hours at a rate not less than one and one-half times the regular rate at which he is employed.

(3) Defendant Chang Hee Choi shall not fail to make, keep and preserve records of his employees, and of the wages, hours and other conditions and practices of employment maintained by him, as prescribed by the regulations of administrator or the Secretary of Labor issued, and from time to time amended, pursuant to Section 11(c) of the Act, and found in Title 29, Chapter V, Code of Federal Regulations, Part 516.

(4) Defendant Chang Hee Choi shall not, contrary to Section 15(a)(3) of the Act, discharge or in any way discriminate against any of his employees employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the Act because of their assertion of rights protected under the Act.

It is **FURTHER ORDERED** that the Plaintiff recover from Defendant Chang Hee Choi the total sum of $35,062.02 which execution may issue, to be distributed to Defendants' employees listed in the Exhibit "A" attached hereto in the amounts set forth following each employee's name.

Defendant shall make payment to the Plaintiff for disbursement as prescribed by law. Any money not so distributed by the Plaintiff within a reasonable time because of Plaintiff's failure to locate the proper person or because of such person's refusal to accept such money shall be covered into the

Treasury of the United States as miscellaneous receipts. The failure of the Defendant to make payment as provided herein shall result in the total sum of $38,062.02 as set forth above, being subject to the assessment of such interest and costs as required by the Debt Collection Improvement Act of 1996 (Public Law 104-134) published by the Secretary of the Treasury in the Federal Register. It is further **ORDERED, ADJUDGED, AND DECREED** that the Exhibit "A" attachment to this judgment be, and hereby is incorporated in and made a part of this Judgment.

Defendant Chang Hee Choi shall not request, solicit, suggest, or coerce, directly or indirectly, any employee to return or offer to return to the Defendant or to someone else for the Defendant, any money in the form of cash, check, or any other form, for wages previously due or to become due in the future to said employee under the provisions of this Judgment or the Act; nor shall Defendant accept, or receive from any employee, either directly or indirectly, any money in the form of cash, check, or any other form, for wages heretofore or hereafter paid to said employee under the provisions of this judgment or the act except to the extent such funds are deposited in an employee's 401(k) account; nor shall Defendant discharge or in any manner discriminate, nor solicit or encourage anyone else to discriminate, against any such employee because such employee has received money due him from the Defendant under the provisions of this Judgment.

It is further **ORDERED, ADJUDGED AND DECREED** that the Exhibit "A" attachment to this Judgment be, and hereby is, incorporated in and made a part of this Judgment.

It is further **ORDERED, ADJUDGED AND DECREED,** that costs are assessed against Defendant Chang Hee Choi.

Dated: July 8th, 2014

U.S. DISTRICT JUDGE